UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **FRANK E. ADAMS**  ]<br>    Petitioner,  ]<br>                    ]<br>**v.**                ]<br>                    ]<br>**DEBRA K. JOHNSON, Warden**  ]<br>    Respondent.  ] | No. 3:99-0519<br>Judge Trauger |

## O R D E R

By an order (Docket Entry No. 54) entered February 20, 2004, the instant § 2254 habeas corpus action was dismissed with prejudice. The dismissal was affirmed on appeal, Docket Entry No. 65, and the United States Supreme Court later denied petitioner's application for a writ of certiorari. Docket Entry No. 68.

Presently before the Court are petitioner's "Motion for Relief from Judgment under Rule 60(b)(6) and/or 60(d)(1)"[1] (Docket Entry No. 69) and the respondent's Reply (Docket Entry No. 88) in opposition to the Motion for Relief.

At least one of the petitioner's claims alleging the ineffective assistance of trial counsel was dismissed for procedural default. The petitioner acknowledges that, under the law at that time, the dismissal was proper. Docket Entry No. 69 at pg. 8. He now asserts, though, that the holding of

---

[1] Rule 60(d)(1) of the Federal Rules of Civil Procedure does not provide a specific ground for relief. It simply states that Rule 60 does not limit a court's power to "(1) entertain an independent action to relieve a party from a judgment, order or proceeding."

1

Martinez v. Ryan, 132 S.Ct. 1309 (2012) requires the Court to revisit the decision to dismiss the procedurally defaulted claim. The respondent, however, opposes the Rule 60(b)(6) Motion by arguing that Martinez is not applicable to federal habeas cases in Tennessee and that the holding of Martinez does not constitute the type of exceptional circumstance needed to grant Rule 60(b)(6) relief.

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a final judgment and request the reopening of his case under a limited set of circumstances such as fraud, mistake and newly discovered evidence. Rule 60(b)(6), the particular provision under which the petitioner is proceeding, permits the reopening of a case when the petitioner shows "any other reason that justifies relief".

In Martinez, *supra*, the Supreme Court held that "where state law requires an ineffective assistance of trial counsel claim to be raised in an initial collateral proceeding (and not in a direct appeal), a procedural default will not bar a federal habeas court from hearing that claim if, in the collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id*. at pg. 1320. More precisely, the ineffectiveness of post-conviction counsel can, under certain limited circumstances, constitute "cause" sufficient to excuse a procedural default.

The Sixth Circuit has not, as of yet, ruled upon the question of whether Martinez is applicable to federal habeas cases in Tennessee. However, cases from this District have held that the Martinez holding does not apply here. Rahman v. Carpenter, 2013WL3865071 (M.D. Tenn.; 7/25/13)(Campbell, J. presiding); *see also* Leberry v. Howerton, 2012 WL2999775 (M.D. Tenn.; 7/23/12)(Sharp, J., presiding). The Court is inclined to agreed with the rationale of the Rahman and Leberry decisions. Nevertheless, the Court need not take a position on that question at this time to

dispose of the petitioner's Rule 60(b)(6) Motion.

A petitioner seeking relief under Rule 60(b)(6) is required to show extraordinary circumstances justifying the reopening of a final judgment. Ackermann v. United States, 340 U.S. 193, 199 (1950). Such circumstances will rarely occur in the habeas context. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Here, the petitioner is asserting that a change in the case law now requires a reopening of his case. It is well settled, however, that a change in the decisional law after the entry of judgment is not, by itself, an extraordinary circumstance meriting Rule 60(b)(6) relief. Stokes v. Williams, 475 F.3d 732, 735 (6th Cir. 2007).

Moreover, a Motion under Rule 60(b)(6) "must be made within a reasonable time". Rule 60(c)(1), Fed. R. Civ. P. Martinez was decided on March 20, 2012. The instant Rule 60(b)(6) Motion was filed on August 27, 2013, more than seventeen (17) months later. It does not appear that the instant Motion was filed within a reasonable period of time.

For these reasons, the Court finds no merit in the petitioner's Rule 60(b)(6) Motion. Said Motion, therefore, is hereby DENIED.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge